IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELI FLORES, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-01430-JKP |
| | § | |
| vs. | § | |
| | § | |
| HEB, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason Pulliam:**

This Report and Recommendation concerns Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#52], which the Court construes as a motion to proceed *in forma pauperis* ("IFP") on appeal; Plaintiff's Motion to Stay Enforcement of Arbitration Award Pending Appeal [#50]; and Defendant HEB's Motion to Confirm Arbitration Award [#53]. The above-styled and numbered cause of action was referred to the undersigned for disposition of pretrial matters on January 8, 2024 [#3]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motions [#50, #52] be **DENIED** and that Defendant's motion [#53] be **GRANTED**.

## I. Motion to Proceed IFP on Appeal

Plaintiff has filed an interlocutory appeal with the Fifth Circuit Court of Appeals and asks the Court to permit him to proceed without paying the costs and fees associated with that appeal. The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal

1

Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3).  According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district court.[1] Fed. R. App. P. 24(a).  The movant is required to attach an affidavit to the motion that shows in detail the movant's inability to pay the appeal costs and fees, claims an entitlement to redress, and states the issues the movant intends to present on appeal.  *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous.  *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983).  Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The affidavit Plaintiff filed with the Court in conjunction with his motion to proceed *in forma pauperis* on appeal explained his inability to pay the costs associated with his appeal. Although the affidavit did not inform the Court of the issues Plaintiff intends to appeal or why he is entitled to redress, Plaintiff asserts in his motion to stay enforcement of the arbitration award that his appeal "presents substantial, non-frivolous questions under the Federal Arbitration Act, including whether the arbitrator exceeded her contractual authority and whether the proceedings comported with fundamental fairness" [#50].  Plaintiff raised these same arguments in his objections to the Report and Recommendation issued by the undersigned on November 6, 2025 [#42].  The District Court adopted the report and recommendation on December 18, 2025,

---

[1] The undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action.  Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

denying Plaintiff's motion to vacate the arbitration award [#47].  The Court thus did not find any of Plaintiff's arguments to have merit.

Plaintiff has not articulated any basis for his belief that the District Court's ruling was erroneous.  Instead, Plaintiff references the arguments made in his previous motion to vacate the arbitration award.  Accordingly, the undersigned recommends that Plaintiff's motion to proceed IFP be denied because Plaintiff has not met his burden to establish a nonfrivolous basis for his appeal.  *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).  This recommendation does not bar Plaintiff from pursuing his appeal, only from proceeding without paying the fees typically assessed on all litigants seeking further review of their claims.

## II.  Motion to Confirm Arbitration Award

Defendant asks the Court to confirm the arbitration award pursuant to Section 9 of the Federal Arbitration Act ("FAA").  9 U.S.C.A. § 9.  A court must confirm an arbitration award unless it is vacated under Section 10 of the FAA or modified corrected under Section 11 of the FAA.  *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).  Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party within three months after the arbitration award is filed or delivered.  9 U.S.C.A. § 12.

In this case, it is undisputed that the arbitration award was issued on April 21, 2025.  (Final Award [#34], at 47.)  Thereafter, Plaintiff moved to vacate the arbitration award under Section 10 of the FAA [#34].  The Court adopted the undersigned's report and recommendation denying Plaintiff's motion to vacate the arbitration award [#47].  And, as Defendant underscores in its motion, Plaintiff did not timely seek to modify or correct the arbitration award under Section 11 of the FAA within three months of the award's filing or delivery.  Because the Court

must confirm the award unless it is vacated, modified, or corrected under the corresponding provisions of the FAA, the undersigned recommends that Defendant's motion to confirm the arbitration award be granted.

### III. Motion to Stay Enforcement of Arbitration Award Pending Appeal

By his motion, Plaintiff asks the Court to stay enforcement of the arbitration award pending interlocutory appeal before the Fifth Circuit. As Defendant highlights in its response [#46], Plaintiff's motion is premature because there is no judgment to enforce. The District Court has not yet ruled on Defendant's motion to confirm the arbitration award or issued a final judgment incorporating the terms of the arbitration award. Furthermore, Plaintiff has not established a nonfrivolous basis for his appeal of the District Court's denial of his motion to vacate the arbitration award. It is therefore unlikely that Plaintiff would be able to demonstrate he is entitled to a stay of the enforcement of the arbitration award after the District Court renders a final judgment. The undersigned thus recommends that Plaintiff's motion be denied.

### IV. Conclusion and Recommendation

For the reasons discussed above, the undersigned recommends that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Plaintiff's IFP Application [#52]. The undersigned further recommends that the District Court **DENY** Plaintiff's Motion to Stay Enforcement of Arbitration Award Pending Appeal [#50]. The undersigned finally recommends that the District Court **GRANT** Defendant's Motion to Confirm Arbitration Award [#53].

### V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of March, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE