**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**ELI FLORES,**

   *Plaintiff,*

**v.**                                                                     **CASE NO.  SA-23-CV-01430-JKP**

**HEB,**

   *Defendant.*

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Chestney's Report and Recommendation (R&R) concerning  Plaintiff Eli Flores's Application to Proceed in District Court without Prepaying Fees or Costs ("for appeal purposes") [*ECF No. 52*], which the Court construes as a Motion to Proceed In Forma Pauperis ("IFP") on Appeal; Flores's Motion to Stay Enforcement of Arbitration Award Pending Appeal [*ECF No. 50*]; and Defendant HEB's Motion to Confirm Arbitration Award [*ECF No. 53*]. *ECF No. 60*. Magistrate Judge Chestney recommends Flores's motions [#50, #52] be **DENIED** and HEB's motion [#53] be **GRANTED**. *ECF No. 60*. Flores filed timely objections to the R&R. *ECF No. 63*.

Upon consideration, the Court **ACCEPTS AND ADOPTS** the R&R.

### Legal Standard

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been  properly objected to." Fed. R. Civ. P. 72(b)(3); *see United States. v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied,* 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need

not be considered. *Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987)(quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass* v. *U.S. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996)). The district court will review any portion of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson,* 864 F.2d at 1221.

### Discussion

Flores submits multiple objections to the R&R in a filing titled, "OBJECTION TO THE COURT'S CHARACTERIZATION OF PLAINTIFF'S FILINGS AND PROCEDURAL POSTURE." *ECF No. 63*. Flores objects "to the foundational premise of the Report and Recommendation, which frames Plaintiff's motions as lacking merit while recommending confirmation of the arbitration award." *Id*. Specifically, Flores: (1) objects to the R&R's "failure to account for preservation of appellate rights;" (2) objects to "the Court's overlooking of substantive opposition" by implicitly adopt[ing] Defendant's position that Plaintiff failed to present substantive arguments;" (3) "objects to the finding that his appeal is not taken in good faith or is 'frivolous'" because "[t]his conclusion is not supported by the record and fails to account for the substantive legal and constitutional issues Plaintiff has consistently raised throughout this litigation;" (4) "raises concern that the current posture of the case appears to credit Defendant's assertions while discounting Plaintiff's evidence;" (5) "restricts [Flores's] access to appellate review based on an incorrect characterization of [his] appeal as frivolous;" (6) contends the finding that his appeal is not taken in good faith is clearly erroneous and unsupported by the record; (7) "objects to the recommendation that the arbitration award be confirmed" [because] "[t]he [R&R] frames confirmation as a procedural inevitability. However, this characterization is incomplete and fails to account for the substantive legal challenges properly raised and preserved; (8) contends "[t]he recommendation to confirm the arbitration award is based on an incomplete analysis that

overlooks: [Flores's] timely Motion to Vacate, the pending appeal, substantive FAA § 10 challenges, and Evidence of procedural unfairness. Accordingly, Plaintiff respectfully requests that the recommendation to confirm the arbitration award be rejected;" (9) "objects to the recommendation that a stay of enforcement be denied" because the R&R concludes Flores's "request is premature while simultaneously recommending confirmation of the arbitration award. This creates a procedural inconsistency;" and (10) argues denial of a stay would result in "[i]mmediate and irreparable harm," "[l]oss of meaningful appellate review," and "[e]nforcement of a disputed arbitration award before constitutional issues are resolved." *ECF No. 63*.

This Court reviewed all of Flores's objections and finds most to be recitation of his general arguments supporting his position in this case, or the arguments are conclusory and unsupported. *See generally ECF No. 63*. Given the extensive litigation history and Flores's pro se status, in the interest of caution the Court construed the objections liberally and reviewed the R&R de novo. The Court finds the R&R is in all things correct and should be accepted.

The Court, therefore, **ACCEPTS** and **ADOPTS** Magistrate Judge Chestney's R&R (*ECF NO. 60*) and, for the reasons set forth therein, Flores's Motion to Proceed In Forma Pauperis ("IFP") on Appeal [*ECF No. 52*] Flores's Motion to Stay Enforcement of Arbitration Award Pending Appeal [*ECF No. 50*] are **DENIED**. HEB's Motion to Confirm Arbitration Award [*ECF No. 53*] is **GRANTED**.

It is so ORDERED.

SIGNED this 8th day of April, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE